UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 11-11829-RWZ

THE ESTATE OF NANCY P. YOUNG

v.

UNITED STATES OF AMERICA

MEMORANDUM AND ORDER

December 17, 2012

ZOBEL, D.J.

Plaintiff, the estate of Nancy P. Young ("the Estate"), filed its estate tax return after the applicable deadline and the IRS assessed a late-filing penalty. The Estate has sued the United States for a refund of that penalty on the ground that it had reasonable cause for its late filing. The United States now moves for summary judgment.

I.  **Background**

The relevant facts are undisputed. Nancy P. Young died on August 14, 2008, and her son Arthur W. Young, III, became the executor of her estate. The Estate's tax return and tax payment were originally due on May 14, 2009. However, the Estate submitted timely requests for extension of time to file and extension of time to pay; those requests were granted, which made the Estate's tax return due by November 14, 2009, and the Estate's tax payment due by May 14, 2010.

The Estate made a partial payment of $760,000 towards its tax liability on May 14, 2009, before the original payment deadline expired. It made a second payment of $2,200,000 on August 31, 2009, after the original payment deadline but before the

extended deadline. That second payment satisfied the balance of the Estate's tax liability as estimated when the request for extension of time to file was made.

Over the summer of 2009, as the Estate was preparing its return, the United States was in the midst of a financial crisis that caused property values to plummet. As a result, it was difficult for the Estate to determine an accurate valuation of its real estate holdings. The Estate obtained appraisals of its properties, but believed that the appraisers' estimated values were substantially higher than the fair market value at the time.

As the November 14, 2009, extended filing deadline approached, the Estate had two options. The first option was to file a timely return using the appraised values and then file a later, amended return when the properties were sold. The second was to wait until the properties were sold, and then file a single late return. Of course, filing a late return would normally result in an additional tax penalty. But the Estate's tax advisors believed that, because the Estate had already paid more than its eventual tax liability, there would be no penalty for filing late. They therefore advised the Estate to ignore the filing deadline and just file a single late return, because they believed filing a timely but inaccurate return and then an amended return would be better than filing a single late return—especially since it would simplify any subsequent audit.

The Estate followed its accountants' advice and filed a single late return on February 15, 2010. Unfortunately, its accountants had misunderstood the tax penalty provisions. Because the Estate paid off its estimated tax liability after the <u>original</u> payment deadline, it was subject to a late-filing penalty, even though it paid off its

liability before the <u>extended</u> payment deadline. The IRS assessed a late-filing penalty of $259,325.85 plus $20,774.30 interest.

The Estate filed a request for refund with the IRS, on the ground that the Estate had reasonable cause for filing late because it relied on expert tax advice. The IRS denied the refund request. The Estate then filed a penalty appeal with the IRS, but again failed to obtain relief. Finally, it brought this suit.

## II.     Legal Standard

Summary judgment will be granted if there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The court must view the record in the light most favorable to the nonmoving party, and draw all justifiable inferences in that party's favor. <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 255 (1986). Summary judgment against a party is appropriate if that party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322 (1986).

## III.    Analysis

A taxpayer who fails to file a timely return is subject to a late-filing penalty "unless it is shown that such failure is due to reasonable cause and not due to willful neglect." 26 U.S.C. § 6651(a)(1). The taxpayer bears the "heavy burden" of proving both reasonable cause and lack of willful neglect. <u>United States v. Boyle</u>, 469 U.S. 241, 245 (1985); <u>see</u> <u>Estate of Charania v. Shulman</u>, 608 F.3d 67, 75 (1st Cir. 2010). Here, the Estate has not carried that burden.

**A. Reasonable Cause**

The leading precedent on reasonable cause is <u>United States v. Boyle</u>, which the Supreme Court decided in 1985. In <u>Boyle</u>, the executor relied on his attorney to prepare and file the estate's tax return. He contacted the attorney a number of times to inquire what progress had been made, and was assured that the return would be filed in plenty of time. However, the attorney missed the filing deadline through a clerical oversight. The Supreme Court held that the taxpayer had failed to show reasonable cause, because the taxpayer had a nondelegable duty to comply with the filing deadline and could not simply rely on his attorney to do so. <u>Boyle</u>, 469 U.S. at 249-52. The Court distinguished the case before it from cases where the taxpayer "relied on the erroneous advice of counsel concerning a question of law," such as "whether a liability exist[ed]" or whether it was necessary to file a return at all. <u>Id.</u> at 250-51. In the latter type of cases, the Court found, it is reasonable for a taxpayer to rely on his accountant or attorney to advise him on a matter of tax law. "To require the taxpayer to challenge the attorney, to seek a 'second opinion,' or to try to monitor counsel on the provisions of the Code himself would nullify the very purpose of seeking the advice of a presumed expert in the first place." <u>Id.</u> at 251.

This case falls between the two extremes identified in <u>Boyle</u>. On the one hand, the Estate did not rely on its accountants just to perform the ministerial task of submitting the return by the deadline. Instead, it relied on their substantive advice that it would be better for the Estate to file late rather than to file timely and then amend. But on the other hand, the Estate was fully aware that it was legally required to file by the

applicable deadline. Its advisors correctly explained that any return filed after that deadline would be late. The only advice on which the Estate relied was (1) that there would be no penalty for late filing; and (2) that late filing would be "better" because it would lead to an easier audit process. The former cannot provide reasonable cause; as the Tenth Circuit has held, reliance is not reasonable when "the taxpayer is advised that a return is due but that the taxpayer need not comply with the law because no penalty will occur." Jackson v. Comm'r, 864 F.2d 1521, 1527 (10th Cir.1989); see Ballard v. Comm'r, 854 F.2d 185, 189-90 (7th Cir. 1988); Russell v. Comm'r, T.C. Memo. 2011-81, 2011 WL 1314673, at *7 (Tax Ct. Apr. 6, 2011); see also Denenburg v. Comm'r, 920 F.2d 301, 305, 307 (5th Cir. 1991) (disagreeing with Ballard's reading of Boyle, but finding no reasonable cause where the taxpayer was never advised timely filing was unnecessary as a matter of tax law). A taxpayer cannot disregard a known duty to file a timely return just because it believes no penalty will result, any more than a pedestrian can disregard a known duty not to jaywalk because he believes no penalty will result. Likewise, advice on avoiding audits cannot provide reasonable cause because it is advice on a matter of tax strategy, not tax law. A taxpayer cannot decide that his desire to lighten his audit is more important than his duty to comply with a known filing deadline. Nor can relying on advice to that effect constitute reasonable cause. See Boyle, 469 U.S. at 249 ("[O]ur system of self-assessment in the initial calculation of a tax simply cannot work on any basis other than one of strict filing standards.").

At oral argument, the Estate appeared to contend that its accountants advised it

that timely filing was not possible, and so not legally required, because accurate property values were not available. The Estate has not produced evidence to show any advice that timely filing was not legally required. See Docket # 14, Ex. 1 (Kates Deposition) (testimony that accountants advised the Estate it "could" file late and it "would be better" to file late); cf. Denenburg, 920 F.2d at 307 ("The inescapable conclusion from careful readings of the depositions and affidavits is that the CPA never clearly and expressly advised the Taxpayer that, as a matter of tax law, it was not necessary that the returns be timely filed . . . ."). In any case, the Estate had an obligation to file a timely return with the best available information. It cannot claim reasonable cause based on advice that it was necessary to wait for complete information before filing a return. Russell, 2011 WL 1314673 at *8.

### B. Willful Neglect

"Willful neglect" covers "conscious, intentional failure or reckless indifference." Boyle, 469 U.S. at 245. Here, the Estate was aware of the applicable deadline, and it consciously and intentionally failed to file a return until after that deadline. The Estate argues that the surrounding circumstances justify its failure, citing In re Hudson Oil Co., 91 B.R. 932 (Bankr. D. Kan. 1988). In that case, the court found no willful neglect where it was "physically impossible" for a bankruptcy trustee to file the taxpaying company's return on time given the trustee's late appointment and the disarray in the company's records. Id. at 950. The facts here are not comparable. There is no doubt it was physically possible for the Estate to file an estimated return on time; the Estate simply chose not to, believing it would be better to file late. That conscious choice to

6

file a deliberately late return constitutes willful neglect.

### IV.     Conclusion

The late-filing penalty that the Estate faces here may seem unfair. After all, if the Estate had paid its estimated tax liability before the original payment deadline—as opposed to before the <u>extended</u> payment deadline—there would be no late-filing penalty. But "[t]he Government has millions of taxpayers to monitor, and our system of self-assessment in the initial calculation of a tax simply cannot work on any basis other than one of strict filing standards." <u>Boyle</u>, 469 U.S. at 249. The Estate's understanding that it would be "better" to file late, even if based on expert advice, cannot excuse its failure to meet a known filing deadline.

The United States' motion for summary judgment (Docket # 11) is ALLOWED. Judgment may enter accordingly.

|  December 17, 2012  |          /s/Rya W. Zobel          |
|:---:|:---:|
| DATE | RYA W. ZOBEL |
|  | UNITED STATES DISTRICT JUDGE |